GUILLERMO MARRERO, ESQ., State Bar No. 099056
**INTERNATIONAL PRACTICE GROUP, P.C.**
1350 Columbia Street, Suite 500
San Diego, California 92101
Telephone: (619) 515-1480
Facsimile: (619) 515-1481
gmarrero@ipglaw.com

Attorneys for Defendant
SEAWORLD LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PIMENTEL, an individual; GUADALUPE RAMIREZ, an individual; and SOPHIA PIMENTEL, a minor child, <br><br>Plaintiffs, <br><br>v. <br><br>SEAWORLD, SEAWORLD PARKS & ENTERTAINMENT, INC.; and DOES 1 through 100, inclusive; <br><br>Defendants. | Case No.: **'24CV0127 JAH  SBC** <br><br> **ANSWER AND DEMAND FOR JURY TRIAL BY DEFENDANT SEAWORLD LLC** |

Defendant SeaWorld LLC erroneously sued as "SeaWorld" and/or "SeaWorld Parks & Entertainment" ("Defendant"), hereby answers the unverified Complaint of Plaintiffs Alberto Pimentel, Guadalupe Ramirez, and Sophia Pimentel (collectively "Plaintiffs") and demands a jury trial in this action.

1. Defendant denies the allegations in paragraph 1.

2. No allegations were made in paragraph 2. Accordingly, Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 2, if any allegations were indeed made, are true, and on that basis, denies said allegations.

3. Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 3 are true, and on that basis, denies said allegations.

4. No allegations were made in paragraph 4. Accordingly, Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 4, if any allegations were indeed made, are true, and on that basis, denies said allegations.

5. Defendant denies the allegations in paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 6 are true, and on that basis, denies said allegations.

7. No allegations were made in paragraph 7. Accordingly, Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 7, if any allegations were indeed made, are true, and on that basis, denies said allegations.

8. Defendant denies the allegations in paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 9 are true, and on that basis, denies said allegations.

10. Defendant denies the allegations in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 11 are true, and on that basis, denies said allegations.

12. No allegations were made in paragraph 12. Accordingly, Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 12, if any allegations were indeed made, are true, and on that basis, denies said allegations.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

## PLAINTIFFS' FIRST CAUSE OF ACTION
## GENERAL NEGLIGENCE

16. Defendant denies the allegations in paragraph GN-1

## PLAINTIFFS' SECOND CAUSE OF ACTION
## PREMISES LIABILITY

17. Defendant denies the allegations in paragraph Prem. L-1.

18. Defendant admits that SeaWorld LLC, erroneously sued as "SeaWorld" and/or "SeaWorld Parks & Entertainment", owned, maintained, managed and operated SeaWorld San Diego on April 1, 2023. Defendant denies the remaining allegations in paragraph Prem. L-2.

19. Defendant denies the allegations in paragraph Prem. L-3.

20. Defendant denies the allegations in paragraph Prem. L-4.

21. Defendant denies the allegations in paragraph Prem. L-5.

## EXEMPLARY DAMAGES ATTACHMENT

22. Defendant denies the allegations in paragraph EX-1.

23. Defendant denies the allegations in paragraph EX-2.

24. Defendant denies the allegations in paragraph EX-3.

## COMPLAINT ATTACHMENT

As an attachment to the Complaint Judicial Form, Plaintiffs include a 4-page pleading titled "Complaint" with additional allegations and causes of action (hereinafter referred to as "Complaint Attachment"). Defendant hereby addresses these allegations and causes of action.

25. No allegations were made in the Complaint Attachment introductory paragraph. Accordingly, Defendant lacks knowledge or information sufficient to form a belief whether the allegations in the Complaint Attachment introductory paragraph, if any allegations were indeed made, are true, and on that basis, denies said allegations.

26. Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 1 of the Complaint Attachment are true, and on that basis, denies said allegations.

27. Defendant lacks knowledge or information sufficient to form a belief whether the allegations in paragraph 2 of the Complaint Attachment are true, and on that basis, denies said allegations.

28. Defendant denies the allegations in paragraph 3 of the Complaint Attachment.

29. Defendant denies the allegations in paragraph 4 of the Complaint Attachment.

30. Defendant denies the allegations in paragraph 5 of the Complaint Attachment.

31. Defendant denies the allegations in paragraph 6 of the Complaint Attachment.

32. Defendant denies the allegations in paragraph 7 of the Complaint Attachment.

33. Defendant denies the allegations in paragraph 8 of the Complaint Attachment.

34. Defendant denies the allegations in paragraph 9 of the Complaint Attachment.

## PLAINTIFFS' FIRST CAUSE OF ACTION
## GENERAL NEGLIGENCE

35. Defendant denies the allegations in page 2, line 20 through page 3, line 4 of the Complaint Attachment.

36. Defendant denies the allegations in page 3, line 5 through line 8 of the Complaint Attachment.

37. Defendant denies the allegations in page 3, line 9 through line 10 of the Complaint Attachment.

## PLAINTIFFS' SECOND CAUSE OF ACTION
## PREMISES LIABILITY

38. Defendant denies the allegations in page 3, line 14 through line 21 of the Complaint Attachment.

39. Defendant denies the allegations in page 3, line 22 through line 23 of the Complaint Attachment.

## PLAINTIFFS' THIRD CAUSE OF ACTION
## BAD FAITH INSURANCE AND BAD FAITH DENIAL OF COVERAGE

40. Defendant denies the allegations in page 3, line 26 through page 4, line 3 of the Complaint Attachment.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

41. The Complaint fails to state facts sufficient to constitute any valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
## ESTOPPEL

42. Plaintiffs' claims are barred by estoppel.

## THIRD AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE DAMAGES

43. Defendant is informed and believes and thereon alleges that Plaintiffs failed to act reasonably to mitigate the damages they have alleged.

## FOURTH AFFIRMATIVE DEFENSE
## WAIVER

44. Plaintiffs' claims are barred by waiver.

## FIFTH AFFIRMATIVE DEFENSE
## ASSUMPTION OF THE RISK

45. Defendant is informed and believes and thereon alleges that Plaintiffs assumed the risk of incurring the damages they have alleged.

## SIXTH AFFIRMATIVE DEFENSE
## CONTRIBUTORY NEGLIGENCE

46. Defendant is informed and believes and thereon alleges that any damages were not proximately caused by act or omission on the part of Defendant but rather by the acts or omissions of Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE
## COMPARATIVE NEGLIGENCE

47. Defendant is informed and believes and thereon alleges that, at the time and place referred to in the Complaint, a third party or parties acted negligently so as to cause the incident and alleged injuries referred to in the Complaint, and that the negligence proximately caused and/or contributed to Plaintiffs' damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE
## APPORTIONMENT OF FAULT

48. Without admitting Defendant has the burden of proof on this or any related issue, Defendant denies any liability to Plaintiffs and further alleges that under the Fair Responsibility Act of 1986, California Civil Code § 1431.2, liability for general damages, if any, is limited to each person, party, or entity's proportionate

share of liability or responsibility, if any.

## NINTH AFFIRMATIVE DEFENSE
## MEDICAL EXPENSES LIMITED TO AMOUNT ACTUALLY PAID

49. Plaintiffs' recoverable medical expenses are limited to the amounts actually paid per *Howell v. Hamilton Meats*, 52 Cal.4th 541 (2011).

## TENTH AFFIRMATIVE DEFENSE
## FAILURE TO JOIN NECESSARY OR INDISPENSABLE PARTY

50. Plaintiffs have failed to join a necessary or indispensable party.

## ELEVENTH AFFIRMATIVE DEFENSE
## NO DUTY OF CARE TO PLAINTIFFS

51. Defendant is informed and believes and thereon alleges that, at the time and place referred to in the Complaint, it did not owe Plaintiffs a duty of care.

## TWELFTH AFFIRMATIVE DEFENSE
## LACK OF CAUSATION

52. Defendant's alleged conduct was not the proximate cause and/or "but for" cause of Plaintiffs' alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
## LACK OF DAMAGES

53. Plaintiffs did not suffer any damages, as alleged, or, if any damages were suffered, they were not as extensive as alleged and are otherwise speculative and uncertain and, therefore, not recoverable.

## FOURTEENTH AFFIRMATIVE
## DEFENSE FAULT OF OTHERS

54. Plaintiffs' alleged damages were caused solely by the conduct of persons other than Defendant. Any liability by Defendant will be due in whole, or in part, to the acts or omissions of other parties unknown at this time, and any recovery obtained by Plaintiffs should be barred or reduced according to law, up to the whole thereof.

## FIFTEENTH AFFIRMATIVE DEFENSE
## UNCLEAN HANDS

55.   Plaintiffs are barred from recovering against Defendant by the equitable doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
## GOOD FAITH

56.   At all times referenced in Plaintiffs' Complaint, Defendant acted in good faith and did not directly or indirectly induce any act or acts contributing to the damages allegedly suffered by Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## SPECULATIVE DAMAGES

57.   Plaintiffs' damages, if any, are speculative and uncertain, not capable of being determined by a finder of fact.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## ACTS OF PLAINTIFFS

58.   The injuries and damages allegedly sustained by Plaintiffs, if any, were proximately caused by the actions and conduct of Plaintiffs and/or their agents or representatives, and not Defendant.

## RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

59.   Defendant reserves the right to amend this response and assert additional affirmative defenses.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in this action.

## PRAYER FOR RELIEF

Defendant prays for judgment against Plaintiffs as follows:

A.   That Plaintiffs take nothing by their Complaint;

B.   That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

C.   That Defendant be awarded costs of suit; and

    D.    For any other relief that this Court deems just and proper.

Respectfully submitted,

Dated: January 19, 2024

INTERNATIONAL PRACTICE GROUP,
A PROFESSIONAL CORPORATION

By: _____
GUILLERMO MARRERO
*Attorneys for Defendant*