UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PIMENTEL, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>SEAWORLD, et al.,<br><br>         Defendants. | Case No.: 24-cv-0127-JAH-SBC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO (1) REOPEN FACT DISCOVERY AND (2) SCHEDULE HEARING TO SET NEW PRETRIAL DATES**<br>**[ECF NO. 24]** |

Before the Court is the parties' joint motion to reopen fact discovery and schedule a hearing to set new pretrial dates. (ECF No. 24.) For the reasons set forth below, the joint motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

The original scheduling order was issued in this case on March 21, 2024. (ECF No. 10.) The schedule provided a complete pretrial schedule for the case including a fact discovery deadline of August 23, 2024, an expert discovery deadline of December 13, 2024, and a Pretrial Conference on May 14, 2025. (*Id.*)

On May 24, 2024, the Court held an attorneys-only Status Conference at which Plaintiff's counsel did not appear. (ECF No. 12.) After considering a declaration filed by Plaintiff's counsel, the Court excused counsel's failure to appear. (ECF Nos. 14, 15.)

On September 13, 2024, three weeks after the original fact discovery cutoff, the parties filed a joint motion to continue scheduling order dates. (ECF No. 18.) The Court convened a Status Conference on September 17, 2024, to discuss the joint motion with counsel due to its concern about the lack of progress in the case. (ECF No. 20.) On September 18, 2024, the Court issued an order granting in part and denying in part the joint motion. (ECF No. 21.) The Court stated the following in its order:

> The Court notes with concern that the parties' joint motion for extensions was filed on September 13, 2024, three weeks after the August 23, 2024 fact discovery deadline had passed. In other words, the parties are seeking to retroactively continue deadlines that already passed three weeks ago.
> The Court held a zoom status conference to address concerns regarding the parties' diligence and efficiency. While the Court remains concerned about the issues of diligence and efficiency, the Court nevertheless prioritizes moving the case forward on its merits.

(*Id.*) The Court then issued an amended scheduling order providing a sixty-day extension of discovery deadlines, including moving the fact discovery cutoff from August 23 to October 18, 2024, and the expert discovery cutoff from December 13, 2024 to February 17, 2025. (*Id.*) The Pretrial Conference remained set for May 14, 2025. (*Id.*)

On November 13, 2024, Plaintiffs filed an Ex Parte Application to Continue Date of Expert Exchange, Continue Discovery Cut-off Dates, and to Set Conference with Court Re Status of Discovery. (ECF No. 22.) The Court denied the application without prejudice due to Plaintiffs' failure to follow the Court's Civil Chambers Rules and referred counsel to Section VI of the Court's Civil Chambers Rules regarding discovery disputes for further guidance. (ECF No. 23.)

On November 19, 2024, the parties filed the joint motion currently before the Court. (ECF No. 24.) The parties request that fact discovery, which closed on October 18, 2024, be reopened because the assailant(s) who allegedly attacked Plaintiffs at Defendant Sea World LLC's park "had not previously been disclosed by SeaWorld or otherwise identified by the Plaintiffs until October 8, 2024." (*Id.*) "The parties agree that the alleged assailant(s)

will have to be located and deposed and that his/their testimony may give rise to the necessity of conducting further fact discovery." (*Id.*) The parties thus jointly request that "fact discovery be reopened and that all pre-trial dates currently set by the court -- except for the date of the Pre-Trial Conference -- be vacated and reset at a later date after the parties inform the court of the status of fact discovery." (*Id.*)

## II.   LEGAL STANDARDS

Under Rule 16 of the Federal Rules of Civil Procedure, the Court "must issue the scheduling order as soon as practicable." Fed. R. Civ. P. 16(b)(2). The scheduling order is required to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." *Id.* R. 16(b)(3)(A). The schedule may be modified only for good cause and with the judge's consent. *Id.* R. 16(b)(4). The good cause standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Deadlines are not options." *See J.K.G. v. County of San Diego*, Civil No. 11cv0305 JLS(RBB), 2012 U.S. Dist. LEXIS 126195, at *4 (S.D. Cal. Sept. 5, 2012). "Allowing parties to disregard the instructions of a scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier. Rule 16 was drafted to prevent this situation." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 05 cv 3749 (KMW)(DCF), 2009 U.S. Dist. LEXIS 100478, at *17 (S.D.N.Y. Oct. 28, 2009) (citation and internal quotations omitted).

The standard for amending a scheduling order was described in *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 1087 (quoting *Johnson*, 975 F.2d at 609). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.* (*quoting* Johnson, 975 F.2d at 609). Parties must therefore "diligently attempt to adhere to [the] schedule throughout the . . . course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

Under Rule 6, when a motion to extend time is made after the time has expired, the Court may extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

### III. DISCUSSION

The parties do not explicitly address good cause or excusable neglect in their joint motion. Moreover, given the lack of detail in the joint motion, it is difficult for the Court to ascertain whether the parties proceeded with diligence and efficiency with respect to identifying the alleged assailant(s) who attacked Plaintiffs. Nonetheless, in light of the parties' agreement about the necessity of locating and deposing the alleged assailant(s), and reopening fact discovery to do so, as well as the Court's interest in moving this case forward on its merits, the Court finds sufficient cause for a continuance of the discovery deadlines in this case. The joint motion is therefore GRANTED IN PART.

As set forth above, Rule 16 requires the Court to issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "Deadlines are not options." *J.K.G.*, 2012 U.S. Dist. LEXIS 126195, at *4. Therefore, the parties' request that all dates, other than the Pretrial Conference, be "vacated and reset at a later date after the parties inform the court of the status of fact discovery[,]" is DENIED. The Court instead issues the following fully amended scheduling order. Because reopening fact discovery necessitates moving other dates and deadlines in this case, the following schedule resets expert discovery deadlines, the pretrial motion filing cutoff, and the Pretrial Conference and related dates:

| Deadline/Event | Current Deadline | Revised Deadline |
|---|---|---|
| Motion to amend deadline | May 6, 2024 | **May 6, 2024 (unchanged)** |
| Fact discovery deadline | October 18, 2024 | **January 24, 2025** |
| Expert witness designations | November 18, 2024 | **February 7, 2025** |
| Rebuttal expert designations | December 2, 2024 | **February 21, 2025** |
| Expert witness disclosures | January 2, 2025 | **March 21, 2025** |
| Rebuttal expert disclosures | January 16, 2025 | **April 4, 2025** |

| Expert discovery deadline | February 17, 2025 | **May 2, 2025** |
|---|---|---|
| Pretrial motion filing deadline | March 18, 2025 | **May 30, 2025** |
| Mandatory Settlement Conference | April 2, 2025, at 10:00 a.m. | **April 2, 2025, at 10:00 a.m. (unchanged)** |
| Mandatory Settlement Conference briefs due | March 26, 2025 | **March 26, 2025 (unchanged)** |
| Pretrial disclosures | April 16, 2025 | **August 27, 2025** |
| Meeting of counsel pursuant to Local Rule 16.1(f)(4) | April 23, 2025 | **September 3, 2025** |
| Proposed pretrial order due from counsel | April 30, 2025 | **September 10, 2025** |
| Proposed Final Pretrial Conference Order lodging | May 7, 2025 | **September 17, 2025** |
| Pretrial Conference | May 14, 2025, at 2:30 p.m. | **September 24, 2025, at 2:30 p.m.** |

The Court expects the parties to fully comply with the schedule set forth above. No further extensions will be granted absent a detailed showing of good cause. In the event the parties seek any extension of deadlines in the future, the parties will be required to show diligence and efficiency, and thus must detail the steps they have taken to comply with the dates and deadlines in the schedule, including identifying the specific discovery conducted, the specific discovery remaining outstanding, and the reason why each deadline sought to be extended cannot be met. Finally, an attorneys-only Status Conference is set for **January 24, 2025, at 9:30 a.m.** To participate in the conference, counsel shall use the Zoom meeting information to be emailed to counsel.

**IT IS SO ORDERED.**

Dated:  November 26, 2024

Hon. Steve B. Chu
United States Magistrate Judge