UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PIMENTAL, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>SEA WORLD PARKS, INC., et al.,<br><br>　　　　　　　　Defendants. | Case No.: 3:24-cv-00127-JAH-SBC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE AND DENYING PLAINTIFFS' MOTION TO SET AN OSC RE: SANCTIONS**<br><br>**[ECF No. 34]** |

## INTRODUCTION

Pending before the Court is Plaintiffs Alberto Pimental's and Guadalupe Ramirez' (collectively, "Plaintiffs") Motion to Dismiss Action Without Prejudice and Motion to Set an Order to Show Cause Re: Sanctions. ECF No. 34 ("Motion" or "Mot."). Defendant SeaWorld LLC[1] filed a Response in Opposition to Plaintiffs' Motion on March 24, 2025. ECF No. 35 ("Opposition" or "Opp'n"). Plaintiffs subsequently filed a Reply on April 2, 2025. ECF No. 38 ("Reply"). On April 3, 2025, the Court determined this matter is suitable for adjudication on the briefing and without oral argument, pursuant to Civil Local Rule 7.1.d.1. ECF No. 39. Upon careful review of the Parties' arguments, the record, and

---

[1] Defendant SeaWorld LLC was erroneously sued under the name, "SeaWorld Parks & Entertainment, Inc., a Delaware corporation." Opp'n at 2.

the relevant law, Plaintiffs' Motion to Dismiss is **GRANTED without prejudice** and Plaintiffs' Motion to Set an Order to Show Cause Re: Sanctions is **DENIED**.

## BACKGROUND

This case stems from an assault to which Plaintiffs were victims that occurred at SeaWorld's San Diego theme park on April 1, 2023. ECF No. 1 at 14. Plaintiffs initially pled they were attacked by "gang members" while standing in line for a ride with their minor child. *Id.* at 14-15. According to Plaintiffs, the injuries sustained were significant after "being hit on the head and repeatedly beaten for several minutes." *Id.* at 15. Plaintiffs claim "[n]ot a single SEAWORLD employee stepped in to assist the family, call security, the police, or an ambulance." *Id.* The assailants fled the scene without being arrested or identified by Plaintiffs. Mot. at 4.

Plaintiffs initially filed this lawsuit in California Superior Court, naming SeaWorld and DOE as defendants. ECF No. 1 at 14. However, Defendant removed the case to federal court based on diversity jurisdiction on January 19, 2024. *Id.* at 3. In its Notice of Removal, Defendant explained diversity exists because "SeaWorld LLC is a citizen of Delaware and Florida, and Plaintiffs are citizens of California." *Id.* at 4.

Plaintiffs reached out to the San Diego Police Department ("SDPD") on multiple occasions to obtain copies of any reports produced related to the assault, but SDPD initially denied access. Mot. at 4. However, SDPD did eventually turn over a copy of the SDPD's Investigator's Report of the incident in October of 2024. *Id.* From the SDPD report, Plaintiffs learned the assailants had been identified as Alejandro Jabonero Jr. and Clara Jauregui. Mot. at 4, 13. The report indicates the investigating officer got in touch with SeaWorld's head of security, Bill Chamberlain, on the day of the incident after speaking with witnesses at the scene. *Id.* at 19. Mr. Chamberlain informed the officer he "believe[d] he [had] identified a potential suspect through the cameras at the entrance of the park." *Id.* at 15. Mr. Chamberlain then told the officer "he believe[d] the suspects [were] season pass holders but had to clear the incident with the SeaWorld corporate legal team before providing [the officer] with the names." *Id.*

Sometime in late April, the investigating officer followed up with Mr. Chamberlain, who indicated "the legal team would allow him to provide [the officer] with the suspect's information." *Id*. at 19. On the phone, the investigating officer arranged to visit Mr. Chamberlain at SeaWorld to retrieve a USB drive that contained photographs of the assailants and their names. *Id*. During the meeting, Mr. Chamberlain told the investigating officer that the individuals in the photographs were indeed season pass holders, and Mr. Chamberlain provided the officer with their names. *Id*. The officer was later able to confirm Mr. Jabonero Jr.'s and Ms. Jauregui's identities using a record's check, which contained their California Driver's License photographs. *Id*.

The investigating officer then used the suspects' photographs to create photo lineups consisting of four photographs each. *Id*. at 20. On May 3, 2023, the officer was able to meet with Plaintiffs Pimental and Ramirez to present the photo lineups, during which Plaintiff Pimental positively identified Mr. Jabonero Jr. as the male assailant. *Id*. Plaintiff Ramirez was also able to separately and positively identify Mr. Jabonero Jr. as the male assailant. *Id*. at 24. Additionally, Plaintiff Ramirez was able to positively identify Ms. Jauregui as the female assailant in another photo lineup. *Id*. Presumably, both Mr. Jabonero Jr. and Ms. Jauregui are California residents. However, Plaintiffs have provided additional evidence Mr. Jabonero Jr. is a California resident based on the information contained in his LinkedIn profile. *See id.* at 31. Defendant did not include the assailants' identities in their initial disclosures, nor did they list Mr. Chamberlain as a witness. *See id*. at 26-29.

On October 9, 2024, Plaintiffs' counsel sent Defendant an email containing the SDPD report and raised concerns Defendant had withheld "critical evidence [Defendant] had been in possession of from the very beginning" of this case. Opp'n at 4. On October 17, Defense counsel responded and indicated Defendant was previously unaware of the SDPD report's existence or that the assailants had been identified, and Defense counsel offered Defendant would stipulate to a joint motion to continue trial and related dates. *Id*.

Defendant even suggested Plaintiffs amend the Complaint to include the assailants as defendants. *Id*.

On October 21, Plaintiffs deposed Neil Robert Castillo, SeaWorld's security investigator responsible for investigating the assault on Plaintiffs. ECF No. 35-1, Exhibit F ("Castillo Depo.") at 5:14-15; 17:6-9.[2] During the deposition, Plaintiffs learned it took Mr. Castillo about "a day to a week at least" to look at the CCTV footage and determine the identities of the assailants using their season passes. *Id*. at 31:11-12; 32:15-19. Mr. Castillo explained, after the suspects were identified, they were placed "in [his] own file folder" on his work computer, not on the SeaWorld network. *Id*. at 48:6-9; 49:2-3. While Mr. Castillo confirmed he gave Mr. Chamberlain a copy of what he found on a thumb drive, Mr. Castillo indicated he is not sure what Mr. Chamberlain did with the information. *Id*. at 49:16-23. Mr. Castillo made clear SeaWorld has no record of what Mr. Chamberlain disclosed to SDPD. *Id*. at 50:1-12. As for SeaWorld knowing what Mr. Chamberlain did after receipt of the information he conveyed, Mr. Castillo explained Mr. Chamberlain left SeaWorld around March of 2024. *Id*. at 49:8-10. However, Defendant's counsel attested Mr. Chamberlain left "shortly after the incident in 2023." ECF No. 31-1 at 12, ¶9.

On November 13, 2024, Plaintiffs filed an *ex parte* Application to Continue the Date for Expert Exchange. ECF No. 22. In their application, Plaintiffs informed the Court of the newly discovered SDPD report and their intention to file a motion for terminating sanctions. *Id*. at 2. This application was denied for failure to follow the Chamber Rules of the Magistrate Judge, the Honorable Steve B. Chu. ECF No. 23.

November 18, 2024, was the date by which Parties were ordered to designate their respective experts per an order continuing the dates originally set in the Court's Scheduling Order. ECF No. 21. While Defendant complied, Plaintiffs failed to designate their

---

[2] Citations to depositions will refer to the page and line numbers on the document itself.

expert(s). Opp'n at 4. However, the date to designate experts was later continued to February 7, 2025. ECF No. 25 at 4.

On December 14, 2024, Plaintiffs filed a "Notice of Dismissal without Prejudice." ECF No. 26. However, Judge Chu issued a minute order informing Plaintiffs their voluntary dismissal under Rule 41(a)(1)(A)(i) was improper because Defendant filed an answer. ECF No. 27. Then, on January 28, 2025, Plaintiffs filed an *ex parte* Motion to Dismiss before Judge Chu. *See* ECF No. 29. However, Judge Chu issued a minute order denying Plaintiffs' motion as procedurally improper and directed Plaintiffs to file a properly noticed motion before the District Judge. ECF No. 32. Plaintiffs refiled the instant Motion on February 10, 2025.

## DISCUSSION

### I. PLAINTIFF'S MOTION TO DISMISS

According to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). When presented with a motion to dismiss under Rule 41(a)(2), the court must determine three things: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). Each will be discussed in turn.

#### A. Whether Dismissal is Proper

Plaintiffs contend Defendant hid the information Mr. Chamberlain gave to the police—that led to the identity of Plaintiffs' assailants—as well as Mr. Chamberlain's identity during initial disclosures. Mot. at 5-6. Plaintiffs argue that, but for Defendant's alleged failure to disclose, "the action … should have never been brought before this court causing unnecessary and significant legal fees and costs." *Id*. at 6. Therefore, Plaintiffs seek to dismiss the action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. *Id*.

On the other hand, Defendant argues this Motion is a forum shopping mission to "destroy diversity jurisdiction for tactical reasons." Opp'n at 7. Defendant claims Plaintiffs "have known the identities of the alleged perpetrators for at least seven months and far longer if one considers the photo lineup on May 3, 2023, and yet, Plaintiffs did not move to amend the pleadings." *Id.* Defendant also argues it will be prejudiced by dismissal because it will have to re-litigate discovery, the resolution will be postponed by "at least two more years," and Plaintiffs will have an unfair advantage having received Defendant's expert designation and disclosures while Plaintiffs have not disclosed theirs in violation of Rule 26.[3]

Generally, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'Legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "'[U]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation … causes uncertainty' does not result in plain legal prejudice." *Id.* "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* Moreover, the "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97.

"Instead, 'prejudice' under Rule 41(a)(2) 'focuses on the rights and defenses available to a defendant in future litigation' such as whether 'dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-

---

[3] Defendant also argues the factors from *Brunette v. Godshall* 828 F.Supp. 1439 (N.D. Cal. 1993), *aff'd*, 72 F.3d 766 (9th Cir. 1995), weigh against dismissal. Opp'n at 6-7. However, Defendant's application of these factors is mistaken. The *Brunette* factors are weighed to determine whether an action should be dismissed with or without prejudice, not whether the action should be dismissed at all. *See Brunette*, 828 F.Supp. at 1443-44.

limitations defense' or when 'dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud.'" *Corbett v. Pharmacare U.S., Inc.*, 2022 WL 2835847, at *3 (S.D. Cal. July 20, 2022) (quoting *Westlands Water Dist.*, 100 F.3d at 97).

Here, the only right or defense Defendant's opposition to dismissal alleges is the loss of a federal forum. *See generally* Opp'n. Defendant's arguments as to Plaintiff's delay in taking action, "failure to conduct all necessary discovery before the expiration of the fact discovery deadline," and failure to timely designate an expert, all go toward whether the action should be dismissed with or without prejudice and whether the Court should impose any terms of dismissal. *See* Opp'n at 7. These arguments do not advance Defendant's position as to whether the action should be dismissed.

Indeed, loss of a federal forum can be a form of plain legal prejudice for purposes of Rule 41(a)(2). *See Corbett*, 2022 WL 2835847 at *3. However, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). Here, it appears federal court should never have been a proper forum in this case. The evidence before the Court indicates the assailants of Plaintiffs' assault are California residents, and if properly joined as defendants, would destroy complete diversity. Because Defendant should not have been able to remove this case in the first place, the Court finds that any plain legal prejudice Defendant incurs from the loss of federal forum does not preclude voluntary dismissal. Furthermore, whether the timing of this Motion relates to forum shopping or tactical advantage is beside the point when the Court considers whether voluntary dismissal is proper. *See Smith*, 263 F.3d at 976. Therefore, the Court, in its discretion, finds Defendant has failed to show plain legal prejudice that would preclude voluntary dismissal. Accordingly, IT IS HEREBY ORDERED Plaintiffs' Motion to Dismiss is **GRANTED**.

**B. Whether Dismissal Should be With or Without Prejudice**

The next issue for the Court to address is whether Plaintiffs' voluntary dismissal should be with or without prejudice. Plaintiffs request a dismissal without prejudice so they may continue with their pending state court proceedings, including the non-diverse assailants as defendants. Mot. at 3.

Though Defendant does not separate the issue of dismissal with or without prejudice from the issue of whether to dismiss, several of its arguments can be construed to relate to the issue of prejudice. Defendant first argues delay, explaining: (1) this case has been litigated since December 6, 2023; (2) Defendant has already completed discovery; and (3) Defendant has already retained and identified experts. Opp'n at 6. Moreover, Defendant claims Plaintiffs knew the police had the assailants' identities as early as May 3, 2023, when they met with SDPD officers to participate in the photo lineups. *Id*. at 7. Defendant argues Plaintiffs failed to act on this information in a timely manner. *Id*. Finally, Defendant argues it should not be forced to re-litigate this case after it has already completed discovery and is preparing a motion for summary judgment to be filed sometime before May 30, 2025. *Id*. at 7-8.

Rule 41(a)(2) of the Federal Rules of Civil Procedure dictates that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). The question of whether voluntary dismissal should be with or without prejudice is within the discretion of the district court. *See Hargis v. Foster*, 282 F.3d 1154, *amended by* 312 F.3d 404, 406 (9th Cir. 2002). "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Williams*, 227 F.R.D. at 540 (quoting *Brunette v. Godshall*, 828 F.Supp. 1439, 1443-44 (N.D. Cal. 1993), *aff'd*, 72 F.3d 766 (9th Cir. 1995)). Each of these factors will be discussed in turn.

///

### a. Defendant's Effort and Expense

Defendant argues its effort and expense in litigating this action thus far weighs against Plaintiffs' Motion. Opp'n at 6-7. Defendant explains this action has been litigated since December 6, 2023, and Defendant has completed discovery and disclosed its experts in compliance with Rule 26(a)(2)(A) and (B). *Id.* Additionally, Defendant argues it "is preparing a motion for summary judgment that will be filed prior to … May 30, 2025." *Id.* at 8.[4] In response, Plaintiffs explain, "there is no discovery obtained in the instant proceedings that cannot be used in the pending state court case." Reply at 5. Plaintiffs go on, "[Defendant's] expert may be used in state court where the legal issues and SeaWorld's defenses will be exactly the same as those which would be presented in this court." *Id.*

Expense alone does not constitute legal prejudice. *Westlands Water*, 100 F.3d at 97. "[T]he inconvenience of defending another lawsuit or the fact that the defendant had already begun trial preparations does not constitute prejudice." *In re Lowenschuss*, 67 F.3d 1394, 1400-01 (9th Cir. 1995) (quoting *Hyde & Drath v. Baker*, 24 F.3d 1163, 1169 (9th Cir. 1994)); *see also Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982) ("Appellant's contention that appellee should have been estopped from requesting voluntary dismissal, because appellant was put to significant expense in preparing and filing its pleadings, is without merit").

Here, the case has not been set for trial. While discovery has been completed by Defendant, Plaintiffs are correct in their assertion that Defendant's efforts in this action will streamline the discovery process in state court. Additionally, the issues and defenses should be the same in a state court action, so any of Defendant's counsel's preparation for trial or summary judgment should largely translate to state court litigation. The expenses incurred by Defendant alone are not enough to support dismissal with prejudice. Rather,

---

[4] On May 1, 2025, this Court issued an order staying this action pending the Court's ruling on this Motion. ECF No. 45. In light of this, it is unclear whether Defendant's counsel is still actively working on preparing a motion for summary judgment.

the Court has discretion under Rule 41(a)(2). *See Hamilton*, 679 F.3d at 146 ("[t]he very purpose of Rule 41(a)(2) is to allow a District Court, in its discretion, to dismiss an action without prejudice even after responsive pleadings have been filed by the defendant"). In its review of the record, the relevant law, and the Parties' arguments, the Court finds Defendant's efforts and expenses do not support denial of Plaintiffs' Motion or dismissal with prejudice.

### b. Plaintiff's Delay and Lack of Diligence

Defendant claims Plaintiffs delayed filing this Motion in two ways: (1) Defendant claims Plaintiffs knew the identities of the assailants as early as May 3, 2023, because Plaintiffs participated in the photo lineup, (*See* Opp'n at 6-9); and (2) Defendant claims Plaintiffs should have filed this Motion right after receiving the police report in October, 2024, instead of waiting till January 28, 2025, to file a motion to dismiss, (*id*. at 7). However, Plaintiffs' respond to this argument in their Reply, explaining:

> Though [assailants] were identified at the police lineup, the police did not identify them to the plaintiffs. Plaintiffs' counsel is a former prosecutor and an expert in police procedures and criminal procedure. He confirms it is not common to identify suspects to crime victims at a lineup – especially if the suspects are not in custody.

Reply at 4.[5] Furthermore, Plaintiffs explain they attempted to obtain copies of any reports from the SDPD earlier but were initially denied copies. *See* Mot. at 4 ("Plaintiff[s'] counsel was earlier denied copies of the reports but the SDPD eventually relented [in October of 2024] and produced the report"). Furthermore, Plaintiffs' counsel explains DOE defendants were included in Plaintiffs' initial state court filing in December of 2023, and had the case remained in state court, Plaintiffs would have named the DOES once their identities were discovered. *Id*. at 8.

---

[5] Plaintiffs' counsel also submits a declaration to support this argument. *See* Reply at 7.

The Court is unpersuaded by Defendant's argument that Plaintiffs knew of the assailants' identity in May of 2023 based on their participation in the photo lineups. On the other hand, Plaintiffs' counsel's representation is in line with the Court's experience that victims are not normally told the identity of suspects during a photo lineup. Therefore, it is reasonable to conclude Plaintiffs were unaware of the assailants' identities until they received the SDPD report in October of 2024. This is also supported by Plaintiffs' use of DOE defendants when they first filed in state court in 2023. So, the question is whether Plaintiffs caused undue delay or lacked diligence in waiting three months to file this Motion after receiving the SDPD report identifying the non-diverse assailants.

Though Plaintiffs waited three months after receiving the SDPD report to file this Motion, Plaintiffs took other action earlier. Plaintiffs first indicated their intention to act on the discovery of the SDPD report on November 13, 2024, though they indicated they would file a motion for terminating sanctions, not a motion to dismiss. *See* ECF No. 22. Then, Plaintiffs attempted to voluntarily dismiss the case on December 14, 2024, in the form of an improper "Notice of Dismissal without Prejudice," which was denied for being procedurally improper. *See* ECF No. 26. While Plaintiffs' inattention to Judge Chu's Chamber Rules and the Federal Rules of Civil Procedure is concerning, Plaintiffs put Defendant and the Court on notice of their intention to act on the SDPD report as early as November of 2024, and Plaintiff attempted to dismiss the action as early as December.[6] In the Court's view, this is not so long and unreasonable a delay as to deny Plaintiffs a voluntary dismissal of the action without prejudice.

///

///

---

[6] Defendant's arguments pertaining to Plaintiff's failure to meet the November 18 expert disclosure deadline are unpersuasive in light of that deadline being extended to February 7, 2025. ECF No. 25 at 4.

### c. Explanation for Dismissal

Plaintiffs' explanation for dismissal is clear: Plaintiffs claim Defendant improperly failed to disclose the identity of Mr. Chamberlain—SeaWorld's head of security at the time of the assault—and the information SeaWorld possessed related to the assailants' identities, which now destroys complete diversity. *See* Mot. at 3. Taking into account Plaintiffs' explanation, Plaintiffs' supporting evidence, and Defendant's response, as discussed *supra*, the Court exercises its discretion to **ORDER** the action be **DISMISSED without prejudice**.

## C. What Terms, If Any, Should be Imposed

"Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory." *Westlands*, 100 F.3d at 97. "In determining whether to award costs … to [a] defendant[] after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams*, 227 F.R.D. at 540 (quoting 8-41 Moore's Fed. Prac.-Civ. § 41.40[10][d][I]). The Court, in its discretion, considering the identities of the assailants were initially known to Mr. Chamberlain, as SeaWorld's Head of Security, and Plaintiffs' lack of access to this information until October of 2024, and other facts and circumstances discussed *supra* I.B., finds it appropriate not to impose costs and fees as a condition for dismissing this action without prejudice. Defendant requests no other conditions. Therefore, each party shall bear its own costs and fees.

## II. PLAINTIFF'S MOTION TO SET AN OSC RE: SANCTIONS

Plaintiffs request the Court issue an order to show cause against Defendant regarding sanctions due to the non-disclosure of Mr. Chamberlain's identity or the identities of the assailants. *See* Mot. at 6-7. Defendant claims there is no evidence to support sanctions. Opp'n at 8.

Parties must answer interrogatories "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Furthermore, "companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions to prepare them to fully and unevasively answer questions about the designated subject matter." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006). "[A] party served with a Rule 30(b)(6) notice may be sanctioned for producing a partially educated witness with selective knowledge that only benefits the corporate party." *Garcia v. LQ Mgmt. LLC*, 2022 WL 1115207, at *8 (C.D. Cal. Mar. 29, 2022); *see also Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 289 (N.D. Cal. 2015).

Here, neither party offers any evidence of discovery requests in their respective briefings apart from Defendant's initial disclosures. *See generally* Mot., *see also* Opp'n. For example, Plaintiffs contend that in August and September of 2024, Defendant's Interrogatory and other discovery responses did not identify the assailants or William Chamberlain. Mot. at 6. However, Plaintiffs provide no context to indicate what the interrogatories or other discovery requests entailed. Therefore, the Court cannot determine whether Defendant failed to fully answer any of Plaintiffs' discovery requests. Similarly, Plaintiffs do not provide any information about Rule 30(b)(6) depositions for which Defendant may have failed to provide the person most knowledgeable. Rather, Plaintiffs' insistence that Defendant violated Rule 26(a)(1) by not including assailants or Mr. Chamberlain in its initial disclosures is misplaced. Rule 26(a)(1) requires parties to disclose the identity of persons "that *the disclosing party* may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(i). Defendant was not required to include Mr. Chamberlain in its initial disclosures if it had no intention of calling him or using him as a witness to defend this action. In the absence of evidence of a violation, there is no reason for this Court to issue an order to show cause. Accordingly, IT IS HEREBY ORDERED Plaintiffs' Motion to Set an Order to Show Cause Re: Sanctions is **DENIED**.

///

///

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Dismiss is **GRANTED**, and this action is **DISMISSED without prejudice**.

2. Plaintiffs' Motion to Set an Order to Show Cause Re: Sanctions is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 3, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE